JAMES GUNNION, PLAINTIFF, v. DAVID FERN, DEFENDANT.

Decided January 17, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the applicant for the rule, *Frank G. Turner.*

*Contra, Francis A. Gordon.*

PER CURIAM.

This is an application by the defendant for a rule to show cause why there should not be a new trial. Plaintiff recovered a verdict of $4,500 against the defendant in the Union County Circuit Court. Application was made to the trial judge for a rule to show cause why a new trial should not be allowed, which application was denied.

For the defendant there is advanced the following reasons for the rule: (1) Verdict is excessive. (2) Verdict is against the weight of the evidence. (3) There should have been a verdict for the defendant. (4) Judge should have granted a nonsuit. (5) The verdict is contrary to law.

The only grounds relied on in the brief of counsel of the applicant for the rule are—first, the verdict is against the weight of the evidence, and second, that the verdict is excessive.

The facts are these: The plaintiff, forty-seven years of age, on Christmas night, 1924, about ten-thirty o'clock, was walking northerly on the crosswalk, at the intersection of Sixth and East Jersey streets, in the city of Elizabeth, and when he reached a point between the two trolley tracks, at about the second rail, he was struck by defendant's car and rendered unconscious.

The plaintiff testified that he heard no sound or warning of the approach of the automobile. There was testimony to establish that the automobile had no lights; that it did not stop until it had gone fifty feet beyond the spot where the plaintiff was struck and that at that time the car was going about forty miles an hour. The plaintiff's testimony was corroborated by Patsey Ross and Gene Rathjen.

On behalf of the defendant, he and a passenger riding with him in his car, denied that the car was going at the rate of speed testified to by plaintiff's witnesses, and denied that the car was without lights, and claimed the car was going at the rate of about fifteen miles an hour, and that it was lighted at the time of the happening of the accident.

We are unable to see in what respect the weight of the testimony was in favor of the defendant to the extent so that

we can say that the finding of the jury was clearly against the weight of the evidence.

From a fair reading of the testimony, it appears to us that the verdict of the jury was warranted by the evidence.

Nor do we think that the verdict of $4,500 is excessive. Dr. Lamy testified that when the plaintiff was brought to the hospital, an X-ray examination revealed a four and a half inch fracture of the left lilim, the flat bone in the left hip; that the injury was painful, and that the plaintiff also suffered a contusion of the right leg, at the junction of the upper two-thirds and the lower third; that there is an interference with the motion of the leg caused by the fracture, so that he drags his left foot a little, and that this is a permanent limitation or impediment of locomotion; that the injury to the right leg left an ulceration and engendered an inflamed area of about two and one-half inches in diameter, which is permanent, and that there is also a one-half inch shortening of the left leg, as compared with the right.

The plaintiff was a carpenter and earned $57.75 a week. He was in the hospital five weeks and was in bed three weeks, and was unable to go to work for about three months. There was proof his actual loss of wages was $693, and that his inability to do work would tend to increase his loss in wages.

The application for the rule is denied, with costs.